| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>MARIA VERZINO,<br><br>         Plaintiff,<br><br>    -against-<br><br>KILOLO KIJAKAZI,[1]<br> Acting Commissioner of Social Security,<br><br>         Defendant.<br>----------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**MEMORANDUM AND ORDER**<br>20-CV-884 (JMA)  **FILED**<br>        **CLERK**<br><br>9:49 am, Sep 27, 2021<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**APPEARANCES:**

Christopher Bowes
54 Cobblestone Drive
Shoreham, NY 11786
 *Attorney for Plaintiff*

Joshua R. Sumner
Jacquelyn M. Kasulis, Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
 *Attorneys for Defendant*

**AZRACK, United States District Judge:**

  In this appeal, brought pursuant to the Social Security Act, 42 U.S.C. § 405 et seq. (the "Act"), plaintiff Maria Verzino ("Plaintiff") challenges the final determination by the Commissioner of the Social Security Administration (the "Commissioner") that she was not disabled for purposes of receiving disability insurance benefits under Title II of the Social Security Act.  Pending before the Court are the parties' cross motions for judgment on the pleadings,

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Acting Commissioner Andrew Saul as the defendant in this suit.

1

pursuant to Fed. R. Civ. P. 12(c).  (ECF Nos. 13, 14.)  For the reasons set forth below, the Court **GRANTS** the Commissioner's motion and **DENIES** Plaintiff's motion.

## I.   BACKGROUND

Plaintiff worked as a kindergarten and first grade teacher from 2003 until she stopped working in October 2015 when she contends that she received negative feedback for the first time in her career.  (Tr. 50-53.[2])  Plaintiff testified that by that point, her depression and anxiety had become "way out of control as to the point of being suicidal."  (Tr. 53.)  She reported that she was prescribed Cymbalta for her depression and Lorzepam for her anxiety.  (Tr. 182.)

On July 28, 2016, Plaintiff applied for Social Security Disability benefits, alleging disability as of October 13, 2015 due to her anxiety and depression.  (Tr. 163-69.)  After the SSA denied her application, Plaintiff requested a hearing.  On September 20, 2018, she appeared before ALJ John Loughlin.  (Tr. 45-63.)  Sharon D. Ringenberg, a vocational expert ("VE"), also testified.  (Id.)  ALJ Loughlin ultimately denied Plaintiff's claim, finding that although she was unable to return to her past relevant work as a teacher, Plaintiff was not disabled and retained the residual function capacity ("RFC") to perform a range of medium work, with certain limitations, and could work as a janitor, laundry worker, or automobile detailer.  (Tr. 17-27.)  The Appeals Council denied review on December 13, 2019.  (Tr. 3-5.)  This appeal follows.

## II.   DISCUSSION

Plaintiff raises two specific arguments in support of remand:  first, that the ALJ failed to follow the treating physician rule with respect to Dr. Laura Ellick; and second, that the VE's testimony on which the ALJ relied did not accurately reflect Plaintiff's limitations.  As explained below, both arguments fail.  (ECF No. 13-1.)

---

[2]  Citations to "Tr." refer to pages of the certified administrative record filed by the Commissioner.  (ECF No. 12.)

A. The Treating Physician Rule

Plaintiff argues that the ALJ failed to follow the treating physician rule when he assigned the opinion of her psychologist, Laura Ellick, Ph.D., little weight. (ECF No. 13-1 at 17.) Specifically, the ALJ explained that although Dr. Ellick treated Plaintiff for approximately six years on a frequent basis, Dr. Ellick was not "familiar with program requirements." (Tr. 25.) In addition, the ALJ wrote, Dr. Ellick's "opinions are not entirely supported by her medical reports, which showed that the claimant's condition waxed and waned, and that many times the claimant was feeling better." (Tr. 25-26.) Further, the ALJ found that Dr. Ellick's "opinions are also not consistent with the findings of consultative examiner Dr. Herman, or with his opinion" as well as "inconsistent with the opinion of the State agency medical consultant," Dr. Hou. (Tr. 26.) The ALJ did indicate, however, that "[i]t is notable that Dr. Ellick opined that the claimant could not return to her job as a teacher. This opinion is consistent with the weight of the objective medical evidence." (Id.)

Plaintiff contends that the ALJ erred because Dr. Ellick's opinions are well-supported, uncontradicted by substantial medical evidence, and demonstrate that Plaintiff is disabled. (ECF No. 13-1 at 25.) Further, she claims, the ALJ failed to provide good reasons for the "little weight" he assigned to Dr. Ellick's opinion. (Id. at 25-26.) The Court disagrees. The ALJ properly applied the treating physician rule, and his determination to accord "little weight" to Dr. Ellick's opinion was supported by substantial evidence.

The treating physician rule governs an ALJ's decision "regarding the weight to be accorded to each medical opinion and how to reconcile conflicting medical opinions." Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 226 (E.D.N.Y. 2021) (citing 20 C.F.R. § 404.1527(c); 20 C.F.R. §

416.927(c)).[3] Pursuant to this rule, "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" is given "controlling weight" if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Petrie v. Astrue, 412 F. App'x 401, 405 (2d Cir. 2011) (quoting 20 C.F.R. § 404.1527) (internal quotation marks omitted). However, "[w]hile the opinions of a treating physician deserve special respect, . . . they need not be given controlling weight where they are contradicted by other substantial evidence in the record." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002) (citations omitted).

According to Plaintiff, Dr. Ellick's opinions and treatment records, which "repeatedly identified an anxious and depressed mood throughout the 110 logged sessions between March 2013 and September 2018," warrants a finding that Plaintiff is disabled. (ECF No. 13-1 at 21.) Specifically, Plaintiff points to Dr. Ellick's opinions in August 2016, July 2017, and September 2018. (ECF No. 13-1 at 20-21.)

On August 12, 2016, Dr. Ellick opined that Plaintiff experienced "moderate" deterioration in personal habits and using good judgment on the job; "marked" limitation in relating to other people; performing daily activities; understanding, carrying out, and remembering instructions; responding appropriately to supervision; responding appropriately to co-workers; and performing simple tasks of one or two steps only; and "extreme" limitations in maintaining concentration, pace, and attention for extended periods of at least two hours; sustaining a routine without special supervision; performing activities within a schedule, maintaining regular attendance, and being punctual; responding to customary work pressures; responding appropriately to changes in the

---

[3] For claims filed on or after March 27, 2017, the SSA adopted new regulations that change the standards applicable to the review of medical opinion evidence. See 20 C.F.R. § 404.1520c. Because Plaintiff filed her claim before the effective date of the new rule, the Court applies the regulations that were in effect at the time of the filing.

4

work setting; performing complex, repetitive, or varied tasks; and behaving in an emotionally stable manner. (Tr. 269-70.)

On a Mental Health RFC accompanying medical records covering the period September 1, 2016 through May 20, 2017, Dr. Ellick opined that Plaintiff experienced no or "mild" limitations in using good judgment on the job; "moderate" limitations in understanding, carrying out, and remembering instructions; and performing simple tasks of one or two steps only; "marked" limitations in personal habits; sustaining a routine without special supervision; performing activities within a schedule, maintaining regular attendance, and being punctual; responding appropriately to supervision; responding appropriately to co-workers; and responding appropriately to changes in the work setting; and "extreme" limitations in relating to other people; performing daily activities; maintaining concentration, pace, and attention for extended periods of at least two hours; responding to customary work pressures; performing complex, repetitive, or varied tasks; and behaving in an emotionally stable manner. (Tr. 335-36.)

On September 15, 2018, Dr. Ellick opined that Plaintiff experienced "moderate" limitations in the deterioration of personal habits; using good judgment on the job; and performing simple tasks of one or two steps only; "marked" limitations in maintaining concentration, pace, and attention for extended periods of at least two hours; performing activities within a schedule, maintaining regular attendance, and being punctual; understanding, carrying out, and remembering instructions; and behaving in an emotionally stable manner; and "extreme" limitations in her ability to relate to other people; restrictions of daily activity; ability to sustain a routine without special supervision; responding appropriately to supervision; responding appropriately to co-workers; responding to customary work pressures; responding appropriately to changes in the work setting; and performing complex, repetitive, or varied tasks. (Tr. 376-77.)

5

In evaluating Dr. Ellick's opinions, the ALJ provided appropriate reasoning for according them little weight. After recounting in comprehensive detail Dr. Ellick's treatment of Plaintiff over several years, the ALJ determined that Plaintiff had the RFC to perform medium work as defined in the relevant regulations, except that she could understand and remember simple instructions, make simple work-related decisions, carry out simple instructions, occasionally deal with changes in a routine work setting, and occasionally deal with coworkers and the public. (Tr. 22.) While Dr. Ellick documented that Plaintiff was anxious and depressed throughout the relevant time period, her condition, as the ALJ accurately noted, "waxed and waned" during her treatment by Dr. Ellick, as "many times" the claimant reported to Dr. Ellick that she "was feeling better." (Tr. 25-26.)

Substantial evidence supports the ALJ's determination that Dr. Ellick's opinion should be assigned little weight. "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (internal quotation marks and citation omitted). The Commissioner's findings "as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports the ALJ's decision.'" Zacharopoulos, 516 F. Supp. 3d at 220 (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).

Here, substantial evidence supports the ALJ's decision. Plaintiff testified, and her medical records confirm, that she engaged in certain activities that conflict with Dr. Ellick's opinion regarding the extent of her restrictions and limitations. As the ALJ explained, "[t]he claimant is able to do household chores, drive, shop, and was able to travel internationally," "she does laundry, cleaning, and ironing," and "[s]he has never been hospitalized for mental symptoms." (Tr. 21.)

6

She also traveled throughout the course of her treatment by Dr. Ellick.  For example, Plaintiff went to Atlantic City on two occasions, where she had a "great time."  (Tr. 339, 368.)  She was also "very excited" to travel to Italy, where she traveled twice during her treatment, including for one trip that lasted for a month.  (Tr. 346.)  She also searched for a job.  (Tr. 345.)  She attended her daughter's wedding, which she described as "wonderful."  (Tr. 23, 338.)  She started visiting a friend with a new baby and described how it felt "like she has a purpose, which has really improved her mood."  (Tr. 346.)  By May 2017, Plaintiff reported that she stopped taking an anti-anxiety medication and felt "much better."  (Tr. 23-25, 346.)  In addition, throughout the course of her treatment, Dr. Ellick repeatedly observed Plaintiff to have a euthymic mood and appropriate affect during sessions.  (Tr. 23-26, 277, 282, 284, 289-90, 293-94, 338-31, 344-46, 369-70, 372-73.)

Collectively, this evidence shows that the ALJ's determination of Plaintiff's RFC was supported by substantial evidence.  In addition, contrary to Plaintiff's assertion, these multiple examples of Plaintiff's improvement show that the ALJ did not merely pick out "isolated instances of improvement," as Plaintiff describes, but recognized a pattern of improvement in Plaintiff's condition at multiple points over several years.  (ECF No. 15 at 5.)

A further reason the ALJ accorded "little weight" to Dr. Ellick's opinion was that she "is not . . . familiar with program requirements."  (Tr. 25.)  While Plaintiff asserts that "[t]his is not a good reason to not assign appropriate weight to Dr. Ellick's opinion," (ECF No. 13-1 at 25), "the amount of understanding of our disability programs and their evidentiary requirements that a medical source has, . . . are relevant factors that we will consider in deciding the weight to give to a medical opinion."  20 C.F.R. § 404.1527(c)(6).  Thus, this argument fails.

For these reasons, the Court finds the ALJ provided good reasons for the weight he assigned to Dr. Ellick's opinion.  Additionally, "a 'searching review of the record [has] assure[d] the reviewing court that the substance of the treating physician rule is not traversed.'"  Guerra v. Saul,

778 F. App'x 75, 77 (2d Cir. 2019) (quoting Estrella v. Berryhill, 925 F.3d 90, 95-96 (2d Cir. 2019)). The Court therefore affirms the little weight the ALJ gave to Dr. Ellick's opinion.

    B. The VE's Testimony Regarding Plaintiff's Limitations

In his analysis, the ALJ found that Plaintiff was not disabled because she could perform other work that existed in significant numbers in the national economy—specifically as a janitor, laundry worker, or automobile detailer. (Tr. 26-27.); see also 20 C.F.R. § 404.1520(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled."). The ALJ made this determination based in part on the testimony of a VE, who testified that a hypothetical claimant with the limitations identified in Plaintiff's RFC could perform these occupations. (Tr. 27.) The specific limitations the ALJ identified were: an ability to understand and remember simple instructions, make simple work-related decisions, carry out simple instructions, occasionally deal with changes in a routine work setting, and occasionally deal with coworkers and the public. (Tr. 22.)

According to Plaintiff, however, "[t]his hypothetical should have resulted in a finding that [Plaintiff] is disabled because if an individual can only occasionally deal with changes in a routine work setting, then that means for two-thirds of the remaining time, they cannot meet the de minimis requirement that they be capable to responding appropriately to changes in a routine work setting." (ECF No. 13-1 at 27.) This argument stands in contrast to the VE's testimony that accounted for Plaintiff's ability to only occasionally be able to deal with changes in a routine work setting based on her age, education, and past work experience. (Tr. 59.) The VE determined that despite these limitations, Plaintiff could still perform certain jobs existing in the national economy. Plaintiff appears to suggest—without citation to any authority—that someone who can only occasionally deal with changes in a routine work setting is per se unable to work in any job existing in the

national economy. The Court rejects this argument and finds that the ALJ properly relied on the VE's testimony based on assumptions supported by evidence in the record.

Further, Plaintiff claims, "the ALJ's hypothetical fails to convey all of [Plaintiff's] established limitations," such as her "intermittent moderate to marked limitations in dealing with stress." (Id.) Plaintiff's argument fails because the ALJ's RFC determination accounted for Plaintiff's limitations. In addition, a hypothetical question to a VE "need not frame the claimant's impairments in the specific diagnostic terms used in the medical reports, but instead should capture the concrete consequences of those impairments." Calabrese v. Astrue, 358 F. App'x 274, 277 (2d Cir. 2009) (citation and quotation marks omitted). The ALJ "may rely on a vocational expert's testimony regarding a hypothetical as long as the facts of the hypothetical are based on substantial evidence . . . and accurately reflect the limitations and capabilities of the claimant involved." Id. at 276. Because the RFC assessment was supported by substantial evidence and captured the concrete consequences of Plaintiff's impairments, the ALJ's hypotheticals to the VE were proper and led to testimony from the VE on which the ALJ was permitted to rely in determining that Plaintiff could perform work existing in significant numbers in the national economy.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for judgment on the pleadings and **GRANTS** the Commissioner's cross-motion. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: September 27, 2021
      Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE